# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| VANESSA COLE, as Personal Representative of the Estate of Roy Lee Richards, Jr., Deceased | PLAINTIFF |
| v.    NO. 4:17CV00553 JLH | |
| DENNIS HUTCHINS, Individually; KENTON BUCKNER, Individually and Officially; and CITY OF LITTLE ROCK | DEFENDANTS |

## OPINION AND ORDER

The defendants move to take a second deposition of Derrell Underwood, Richards's uncle who was at the scene just before Richards was killed. On July 23, 2018, the plaintiff's lawyer emailed the four defense lawyers a notice to depose various witnesses, including Underwood, on September 24th. It is undisputed that Alexander Betton, one of the defendants' lawyers, received the email that day. He did not, however, see it in his inbox until much later. On September 6th, the plaintiff's lawyer and Betton corresponded regarding depositions of other individuals noticed in the July 23rd email. Documents #38-5 and #38-6. On the morning of September 24th, the plaintiff's lawyer again emailed defense counsel about Underwood's deposition scheduled for that afternoon. Document #32-3. Betton says this is the first he knew about the deposition. He attended it, and although he admits that at that time he "had the opportunity to question Mr. Underwood," he "chose to reserve questioning" him until a later date. Document #32 at 3. The plaintiff's lawyer deposed Underwood, and Betton participated by objecting to some of his questions. The defendants now move to take a second deposition of Underwood. The motion is denied.

"A party must obtain leave of court" to depose a person that "has already been deposed in the case." Fed. R. Civ. P. 30(a)(2). The Court "must grant leave to the extent consistent with

Rule 26(b)(1) and (2)." *Id.* In relevant part, Rule 26(b)(2) requires a court to "limit the frequency or extent of discovery," if the court determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or]
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]

Fed. R. Civ. P. 26(b)(2)(C). The Court has broad discretion to restrict and control excessive discovery under Rule 26. *See* Fed. R. Civ. P. 26, 2015 Amendment to the Advisory Committee Notes; *see also Pavlik v. Cargill, Inc.*, 9 F.3d 710, 714 (8th Cir. 1993) ("The trial court has broad discretion to decide discovery motions."); *Escamilla v. SMS Holdings Corp.*, 2011 WL 5025254, at *6 (D. Minn Oct. 21, 2011) ("The availability of a second deposition is left to the discretion of the trial court." (citation omitted)).

Here, four defense lawyers received notices of the deposition–two months before, two weeks before, and the morning of the deposition. Betton has offered no good reason for why he overlooked the upcoming deposition despite ample notice. Moreover, he had the opportunity to depose Underwood–he attended the deposition but refused to ask questions in spite of the plaintiff's lawyer's urging him to do so. He has offered no good reason as to why he did not ask question Underwood at the deposition when all parties were already present. *See Bell v. Fowler,* 99 F.3d 262, 271 (8th Cir. 1996) (finding no abuse of discretion in the court's refusal to allow additional depositions, and observing that the party offered no good reason why they were necessary). The defense has failed to show good cause for a second deposition of Underwood. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii). The motion is therefore DENIED. Document #32.

IT IS SO ORDERED this 15th day of November, 2018.

                                                      _____
                                                      J. LEON HOLMES
                                                      UNITED STATES DISTRICT JUDGE