IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

VANESSA COLE,
As Personal Representative of the Estate of Roy
Lee Richards Jr.                                                                         PLAINTIFF

v.                              No. 4:17-cv-553-DPM

DENNIS HUTCHINS;
KENTON BUCKNER; and
CITY OF LITTLE ROCK                                                              DEFENDANTS

## JUDGMENT

**1.** On 22 February 2019, the Court partly granted and partly denied the defendants' motion for summary judgment. On the factual record presented, the Court denied defendant Hutchins's request for qualified immunity against the excessive force claims. Hutchins took an interlocutory appeal. Considering the disputed material facts in the light most favorable to plaintiff Cole, the Court of Appeals affirmed the denial of qualified immunity. *Cole v. Hutchins*, 959 F.3d 1127 (8th Cir. 2020). Based on this Court's earlier Order on summary judgment, this Court enters judgment against Vanessa Cole, the personal representative of Roy Lee Richards Jr.'s estate, on Cole's claim against the City of Little Rock, Cole's claim against chief of police Kenton Buckner in his official capacity, and Cole's claim against Kenton Buckner in his individual capacity.

**2.** The parties tried the unresolved federal and state claims, which were all rooted in allegedly excessive force, to a jury in Little Rock starting on 9 August 2021 and ending on 16 August 2021. The Court empaneled a jury of eight people. After hearing all the evidence, this Court's instructions, and the parties' arguments, the jury deliberated and returned verdict no. 1, which is attached and incorporated, on the evening of Friday, August 13th. Thereafter, with the parties' agreement, the Court excused a juror. After further instructions from the Court, argument by counsel, and deliberation on Monday, August 16th, the jury returned verdict no. 2, which is also attached and incorporated. Based on the jury's verdict no. 2, the Court enters judgment for Dennis Hutchins and against Vanessa Cole, as personal representative of the Estate of Roy Lee Richards Jr., on all of Cole's federal and state excessive-force-based claims, including Cole's wrongful death claim and survival claims.

**3.** Vanessa Cole's amended complaint is dismissed with prejudice. As the prevailing parties, defendants are entitled to costs, as allowed by law and adjudicated by this Court, if they file a motion for them by 27 August 2021. FED. R. CIV. P. 54(d)(1); 28 U.S.C. § 1920; 42 U.S.C. § 1988(b).


*[signature]*
D.P. Marshall Jr.
United States District Judge

*18 August 2021*

# VERDICT NO. 1

1. How was Richards holding his long gun when Hutchins fired his rifle? (Pick one)

    (a) With the barrel pointing at the sky

    (b) With the barrel pointing at the ground

    ((c)) With the barrel pointing at Underwood's house

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 1 3 2021
TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

2. Was Underwood *inside* or *outside* his apartment when Hutchins fired his rifle? (circle one of the italicized words)

   [*inside* is circled]

Answer Question 3 only if you answered "inside" to Question 2. If you answered Question 2 "outside", then strike through Question 3.

3. Approximately how much time passed between Underwood closing his front door and Hutchins firing his rifle?

   _LESS THAN 3 SECONDS_

Court's Final Verdict No. 1            4:17-cv-553-DPM
13 August 2021                          *Cole v. Hutchins*

4.  Was Richards *(facing)* or *turning away* from Underwood's house when Hutchins fired his rifle? (Circle one of the italicized phrases)

5.  Where was Richards located when Hutchins fired his rifle? (Circle one)

    (a) *(In the yard approaching Underwood's house)*

    (b) Going up Underwood's porch stairs

    (c) Starting to go down Underwood's porch stairs

    (d) Going down Underwood's porch stairs

6.  In the circumstances, was it feasible for Hutchins to give Richards a warning before firing his rifle?

    _____ Yes

    ___X___ No

    _____          _8-13-21_   _5:03 pm_
    Foreperson                             Date/time

Court's Final Verdict No. 1                         4:17-cv-553-DPM
13 August 2021                                       Cole v. Hutchins

# VERDICT NO. 2

1. On the Richards Estate's excessive force claim against Hutchins, as submitted in Instruction No. 11, we find for:

    _____ Richards Estate

    \_\_\_\_X_____ Hutchins

If you found for the Richards Estate in Question 1, then answer Questions 2–10 below. If you found for Hutchins in Question 1, then your deliberations are done. Your foreperson should date and sign the verdict and inform the Court that you have a verdict.

2. We find Vanessa Cole's mental anguish damages to be:

    $_____

3. We find Vanessa Cole's pecuniary damages to be:

    $_____

4. We find Roy Richards Sr.'s mental anguish damages to be:
    $_____

5. We find Jordan Richards's mental anguish damages to be:
    $_____

Court's Final Verdict No. 2
16 August 2021

4:17-cv-553-DPM
*Cole v. Hutchins*

6. We find Jordan Richards's pecuniary damages to be:

    $_____

7. We find Joshua Richards's mental anguish damages to be:

    $_____

8. We find Joshua Richards's pecuniary damages to be:

    $_____

9. We find Roy Richards Jr. and the Richards Estate's damages to be:

    - Loss of life ................................. $_____
    - Funeral expenses ......................... $_____
    - Conscious pain and suffering ......... $_____
    - Disfigurement ............................ $_____
    - Lost future earnings .................... $_____

                                        Total  $_____

**VERDICT NO. 2**

10. We assess punitive damages against Dennis Hutchins, as submitted in Instruction No. 14, of $ _____ (state amount, or, if none, write the word "none").

_____
Foreperson

8-16-21  2:22
Date/time

Court's Final Verdict No. 2
16 August 2021

4:17-cv-553-DPM
*Cole v. Hutchins*